**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                      :
CHARLES DOGAN,                        :
                                      :
          Plaintiff,                  :   Civil No. 12-1806 (JBS)
                                      :
v.                                    :
                                      :
BUREAU OF PRISONS, et al.,            :   OPINION
                                      :
          Defendants.                 :
                                      :
```

**APPEARANCES:**

**CHARLES DOGAN**, Plaintiff pro se
03287-088
FCI Oakdale
P.O. Box 5060
Oakdale, LA 71463

**SIMANDLE**, Chief Judge

 Plaintiff Charles Dogan ("Plaintiff") seeks to bring this action in forma pauperis. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.¹

 At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to

---

¹The Court previously denied Plaintiff's application to proceed in forma pauperis and administratively terminated the instant action. See Docket Entry No. 3. Thereafter, Plaintiff filed a complete application. Docket Entry Nos. 4-5. As such, the Court will re-open the case to conduct its screening.

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the complaint should be dismissed at this time.

## I.  BACKGROUND

Plaintiff previously raised the instant claims in a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  See Dogan v. Bureau of Prisons, Civil Action No. 11-3383 (JBS).  The factual background was provided in this Court's Opinion as follows:

> On April 8, 1997, Petitioner was sentenced to a term of 312 months for drug trafficking by the United States District Court for the District of West Virginia.  On or about January 25, 2010, while he was serving his sentence at FCI Fort Dix, Petitioner's Unit Team, with the Warden's approval, requested that the Petitioner be granted a lesser security transfer to a minimum security institution.   In accordance with Program Statement 5100.08, the request was sent to the Bureau of Prison's Designation and Sentence Computation Center ("DSCC").  On March 1, 2010, the DSCC denied the transfer request and placed a Greater Security Management Variable on Petitioner due to his violent criminal history. Specifically, Petitioner pled guilty to charges of second degree murder in 1981 at the age of eighteen.
>
> On November 12, 2010, Petitioner filed an administrative remedy with the Warden at Fort Dix challenging the DSCC's decision. On November 30, 2010, Warden Zickefoose denied Petitioner's request. Petitioner appealed that decision to the Regional Office and on January 10, 2011, the appeal was denied.  Petitioner appealed the decision to the Central Office and on March 9, 2011, that appeal was also denied.

(citations omitted).  (Id. at Docket Entry No. 8.)

This Court dismissed Plaintiff's petition without prejudice for lack of jurisdiction and advised him that he was free to

raise said claims in an action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). The Court specifically advised Plaintiff that the dismissal of the habeas petition without prejudice should not be construed as a comment on the merits of such a claim under <u>Bivens</u>.  (<u>Id.</u>)

In his complaint, Plaintiff alleges that the Designation Sentence Computation Center violated his right to due process and equal protection when they failed to transfer him a to minimum security level institution based on a single act of violence which occurred over thirty years ago.

## II.  DISCUSSION

### A. Legal Standard

### 1. Standards for a Sua Sponte Dismissal

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B). This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is

3

proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED.R.CIV.P. 8(a)(2).  Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal).

The Supreme Court's ruling in Iqbal emphasizes that a

4

plaintiff must demonstrate that the allegations of his complaint are plausible.  See Iqbal, 556 U.S. 677-679.  See also Twombly, 505 U.S. at 555, & n. 3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011); Bistrian v. Levi, 696 F.3d 352 (3d Cir. 2012).  "A complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts."  Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

## 2. **Bivens**

Plaintiff brings this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging violations of his civil rights guaranteed under the United States Constitution.  In Bivens, the Supreme Court held that one is entitled to recover monetary damages for injuries suffered as a result of federal officials' violations of the Fourth Amendment.  In doing so, the Supreme Court created a new tort as it applied to federal officers, and a federal counterpart to the remedy created by 42 U.S.C. § 1983.  Both are designed to provide redress for constitutional violations.  Thus, while the two bodies of law are not "precisely parallel", there is a "general trend" to incorporate § 1983 law into Bivens suits. See Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987).

In order to state a claim under Bivens, a claimant must show

(1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law.  See Mahoney v. Nat'l Org. For Women, 681 F.Supp. 129, 132 (D.Conn. 1987) (citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)).

**B.  Analysis**

**1. Due Process**

A federal prisoner does not have a constitutionally protected interest in his classification status in the federal prison system.  See Moody v. Dagget, 429 U.S. 78, 88 n. 9 (1976)(federal inmates have no legitimate statutory or constitutional interest in classification status); see also Olim v. Wakinekona, 461 U.S. 238, 245 (1983)(in general, an inmate does not have a liberty interest in assignment to a particular institution or to a particular security classification); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montayne v. Haymes, 427 U.S. 236, 243 (1976).  In particular, the Supreme Court noted that prison classification and eligibility for rehabilitative programs in the federal prison system are matters delegated by Congress to the "full discretion" of federal prison officials and thus implicate "no legitimate statutory or constitutional entitlement sufficient to invoke due process." Moody, 429 U.S. at 88 n. 9.  So long as the conditions or degree of confinement

to which the prisoner is subjected are within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.  See Sandin v. Connor, 515 U.S. 472, 484-86 (1995)(holding that a liberty interest is implicated only where the action creates "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or creates a "major disruption in his environment"); Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454, 463 (1989)(holding that a liberty interest arises only where a statute or regulation uses "explicitly mandatory language" that instructs the decision-maker to reach a specific result if certain criteria are met).

As such, Plaintiff's claim that the BOP's determination regarding his security classification violates his due process rights must fail.  Moreover, it is clear from the responses to Plaintiff's administrative remedies that his security classification is based on a prior conviction for second degree murder and not an "arbitrary and capricious" decision by the BOP, as Plaintiff alleges.  The Court will dismiss this claim for failure to state a claim.

**2.  Equal Protection**

The concept of equal protection, as embodied in the Due Process Clause of the Fifth Amendment, see Bolling v. Sharpe, 347

U.S. 497 (1954), has been construed to implicitly include an equal protection guaranty generally as broad as that of the Fourteenth Amendment, applicable to the states.  See United States v. Milan, 304 F.3d 273, 281 n. 6 (3d Cir. 2002) (citing United States v. Leslie, 813 F.2d 658 (5th Cir.1987)).

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."  City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)).  Thus, to state a claim under the Equal Protection Clause, a litigant must allege that: (a) he is a member of a protected class; and (b) he was treated differently from similarly situated inmates.  See City of Cleburne, 473 U.S. at 439; Williams v. Morton, 343 F.3d 212, 221 (3d Cir. 2003); Jean-Pierre v. Bureau of Prisons, 2012 WL 4076113 at *4 (3d Cir. Sept. 18, 2012).  If the litigant does not claim membership in a protected class, he must allege arbitrary and intentional discrimination in order to state an equal protection claim.  See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).  Specifically, he must state facts showing that: "(1) the defendant[s] treated him differently from others similarly situated, (2) the defendant[s] did so intentionally, and (3)

8

there was no rational basis for the difference in treatment." <u>Hill v. Borough of Kutztown</u>, 455 F.3d 225, 239 (3d Cir. 2006).

Proof of disparate impact alone, however, is not sufficient to succeed on an equal protection claim; a plaintiff also must prove that the defendant intended to discriminate. <u>See</u> <u>Village of Arlington Heights v. Metropolitan Housing Development Corp.</u>, 429 U .S. 252, 264-66 (1977); <u>Washington v. Davis</u>, 426 U.S. 229, 242, 244-45 (1976).  Thus, discriminatory intent must be a motivating factor in the decision, even though it need not be the sole motivating factor.  <u>See</u> <u>Village of Arlington Heights</u>, 429 U.S. at 265-66.

It is not clear what basis Plaintiff relies upon for his equal protection claim.  He makes vague reference to being treated differently from other similarly situated prisoners who were transferred to camps, but provides no details regarding these allegedly similarly situated individuals.  Further, even assuming that Plaintiff had provided evidence to showing that he had been treated differently than other similarly situated individuals,  Plaintiff has provided no facts to indicate that the defendants did so intentionally and that there was no rational basis for the difference in treatment.  These conclusory statements are not sufficient to state a claim, as required by <u>Iqbal</u>.  <u>See</u> <u>Iqbal</u>, 556 U.S. at 679.  Accordingly, the equal protection claim will be dismissed without prejudice.

**III. CONCLUSION**

For the reasons stated above, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[2]

Dated: **January 2, 2013**

                                    **s/ Jerome B. Simandle**
                                    JEROME B. SIMANDLE
                                    United States District Judge

---

[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.