IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES DOGAN, JR., | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 12-1806 (JBS-JS) |
| BUREAU OF PRISONS, et al., | |
| Defendants. | **OPINION** |

APPEARANCES:

Charles Dogan, Jr., Plaintiff Pro Se
#03287-88
FCI Oakdale
PO Box 5060
Oakdale, LA 71463

**SIMANDLE, Chief District Judge:**

**I.   INTRODUCTION**

Plaintiff Charles Dogan, Jr., seeks reconsideration of an order dismissing his civil complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). For the reasons set forth below, the Court will deny the motion.

**II. BACKGROUND**

Plaintiff's complaint alleged the Bureau of Prisons and the Designation Sentence Computation Center violated his right to due process and equal protection when they failed to transfer him a to minimum security level institution. (Complaint, Docket

Entry 1). After screening the complaint pursuant to 28 U.S.C. §§ 1915, 1915A, the Court dismissed it for failure to state a claim on January 2, 2013. (Order, Docket Entry 11). Plaintiff thereafter submitted a letter to the Court on January 28, 2013, objecting to the dismissal. (Docket Entry 12). The Court construed the letter as a motion for reconsideration and reopened the case for review. (Docket Entry 13).

## III. Standard of Review

Local Civil Rule 7.1 allows a party to seek a motion for reargument or reconsideration of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked . . . ." Local Civ. R. 7.1(i). Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. *See DeLong v. Raymond Int'l Inc.*, 622 F.2d 1135, 1140 (3d Cir. 1980), *overruled on other grounds by Croker v. Boeing Co.*, 662 F.2d 975 (3d Cir. 1981); *see also Williams v. Sullivan*, 818 F. Supp. 92, 93 (D.N.J. 1993).

To prevail on a motion for reconsideration, the movant must show:

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court ... [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

*U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994).

**IV. ANALYSIS**

In his letter, Plaintiff argues that Court's order is "irrational." (Motion for Reconsideration at 1). He asserts the complaint did in fact state a claim and attaches his original complaint and subsequent addendum to the motion, implying that his argument is that the Court overlooked these documents. The Court considered these documents before issuing its decision and found them insufficient to meet the pleading requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (*See* Slip Opinion, Docket Entry 10 at 9-10). Plaintiff's disagreement with the Court's decision is not a proper basis for a motion for reconsideration. *See P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." (internal quotation

marks omitted)). He has not pointed to any change in controlling law or submitted evidence that was not available to him at the time of the Court's order. Plaintiff's motion for reconsideration must therefore be denied.

## V.   CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration is denied. An appropriate order follows.


 **March 23, 2016**                       **s/ Jerome B. Simandle**
Date                                  JEROME B. SIMANDLE
                                      Chief U.S. District Judge

4